IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LISA M. BRUNK, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| v. | ]   CV-07-BE-0534 |
| | ] |
| MEGA LIFE AND HEALTH | ] |
| INSURANCE CO., et al., | ] |
| | ] |
| Defendants. | ] |
| | ] |

## MEMORANDUM OPINION

This matter comes before the court on Plaintiff Lisa Brunk's Motion to Remand (doc. 4). The Defendant MEGA Life and Health Insurance Company filed a response (doc. 9), in which Defendant National Association for the Self Employed joined (doc. 10).  Plaintiff has also filed a supplemental submission of legal authority (doc. 11) and a Renewed Motion to Remand (doc. 12), which, with the exception of paragraphs 1, 33, and 34, appears to be identical to the original motion, even including the same typographical errors.  Defendant Percy Edward Brooks, who Defendant MEGA contends was fraudulently joined, has not filed an appearance.  For the reasons stated below, the court concludes that the Plaintiff's motion is due to be GRANTED, and this case must be REMANDED to state court.  A separate order to that effect will be entered.

### I.  BACKGROUND

Plaintiff Lisa M. Brunk filed this action on February 15, 2007, in the Circuit Court of Jefferson County, Alabama, Bessemer Division, against MEGA, an out-of-state insurance company; The National Association for the Self-Employed, Inc. ("NASE"), an out-of-state

membership organization;[1] and Percy Edward Brooks, an insurance salesperson who resides in Alabama.[2]  The complaint generally asserts that certain misrepresentations were made to Brunk regarding the purchase of a medical insurance policy sold by the Defendants, and that she purchased the policy based on those representations.  Plaintiff alleges claims for fraud and fraudulent representations against Brooks and the other Defendants, as well as breach of contract and bad faith against the Defendants, and negligent hiring of Brooks by MEGA.  The complaint, as allowed under Alabama law, seeks an unspecified amount of compensatory and punitive damages.

Defendants removed this case on March 26, 2007, under 28 U.S.C § 1332 and 1441 alleging that this court has diversity jurisdiction.  Defendants argue that Brooks was fraudulently joined, and that the amount in controversy is established by reference to verdicts in "similar" cases.  Plaintiff challenges both assertions, contending that she has stated a cognizable claim against Brooks and that Defendants have not met their burden of establishing the amount in controversy.

The court delayed ruling on Plaintiff's motion to remand pending the ultimate decision in *Lowery v. Ala. Power Co.*, 483 F.3d 1184 (11th Cir. 2007), *reh'g en banc denied*, 2008 WL 41327 (Jan. 3, 2008).  Now that *Lowery* is unambiguously the law of the Eleventh Circuit, the court concludes that Defendants have not met their burden of establishing that the jurisdictional

---

[1] Plaintiff does not challenge Defendants' assertions that this "membership organization" is an out-of-state Defendant and Defendants did not address the question of the proper residency of such entity.  The "citizenship" of an unincorporated membership organization for purposes of diversity is the citizenship of each member.  *See Xaros v. U.S. Fid. & Guar. Co.*, 820 F.2d 1176, 1181 (11th Cir. 1987).  The court need not determine of which state(s) this membership organization may be a citizen for purposes of the current motion.

[2] Defendants argue that this court has jurisdiction despite Brooks' Alabama residency because Brunk fraudulent joined Brooks to defeat complete diversity.  The court need not address the fraudulent joinder issue because it concludes the case must be remanded on other grounds.

amount in controversy is satisfied.

## II.  STANDARD OF REVIEW

When a defendant removes a case to federal court, as with any case filed in federal court, the court has an obligation to seriously evaluate the allegation of jurisdiction.  *See Edgerton v. Valuations, Inc.,* 698 F.2d 1115, 1118 (11th Cir. 1983) ("Whether raised by litigants or not, the federal courts . . . are duty bound to determine jurisdiction and dismiss [or remand] any case in which it is found to be wanting.").  Federal courts have limited jurisdiction and must ensure that they only hear cases that fall within that limited jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

The "party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt,* 293 F.3d 1254, 1257 (11th Cir. 2002); *Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir. 1996).  The court approaches the question of jurisdiction with the presumption that jurisdiction does not lie in federal court, and the proponent of jurisdiction bears the burden of proving the contrary.  *Kokkonen,* 511 U.S. at 377.  The removal statutes are strictly construed and all doubts about removal jurisdiction must be resolved in favor of remand.  *Rayfield v. Nat'l Auction Group, Inc.,* 878 F. Supp. 203, 206 (M.D. Ala. 1995).  Where federal jurisdiction is not clear, the Eleventh Circuit favors remand.  *Burns v. Windsor, Inc.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

## III.  DISCUSSION

To remove a case based on diversity jurisdiction, the defendant must prove both complete diversity <u>and</u> that the amount in controversy exceeds $75,000.  *Rolling Greens MHP, L.P. v.*

*Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).  In this case, the Plaintiff challenges both elements.  Because the court concludes that Defendants have failed to demonstrate that the amount in controversy exceeds $75,000 for the reasons below, the court need not reach the question of complete diversity.

As the Honorable William M. Acker eloquently put it, "the day of knee-jerk removal of diversity tort cases from state to federal court within . . . the Eleventh Circuit came to an end on April 11, 2007."  *Constant v. Int'l House of Pancakes*, 487 F. Supp. 2d 1308, 1308-09 (N.D. Ala. 2007).  On that date, the Eleventh Circuit Court of Appeals held that a district court may review the propriety of a removal by looking only to the removing documents.  *Lowery*, 483 F.3d at 1211.  "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction.  If not, the court must remand."  *Id.*  The Court of Appeals held that the district court must consider the document received by the defendant from the plaintiff that indicated federal jurisdiction – "be it the initial complaint or a later received paper – and determine[] whether that document and the notice of removal unambiguously establish federal jurisdiction."  *Id.* at 1213.

The Court of Appeals in *Lowery* concluded that a defendant's recitation of verdicts in other cases was insufficient to establish the amount in controversy.  The Court noted that such information was not received from the plaintiff, and thus was not evidence of the sort contemplated by 28 U.S.C. § 1446(b).  *Lowery*, 483 F.3d at 1221.  Moreover, even if evidence of <u>other</u> verdicts is received from a plaintiff, the Court of Appeals "question[ed] whether such general evidence is ever of much use in establishing the value of claims in any one particular suit.  Looking only to this evidence and the complaint, the facts regarding other cases tell us nothing about the value of the claims in this lawsuit."  *Id.*

-4-

Defendants in this case rely on only the nature of Plaintiff's claims -- mental anguish and punitive damages -- and "similar" Alabama cases to argue that the amount in controversy exceeds $75,000. As the Court stated in *Lowery*, however, "[i]t may be true, in light of the nature of the claims . . . [that recovery of the jurisdictional amount] appears to be a relatively low hurdle. . . . To reach such a conclusion, we would necessarily need to engage in impermissible speculation . . . ." *Lowery*, 483 F.3d at 1220. The court can envision a complaint with enough specific details about a plaintiff's injuries and expenses that a value exceeding $75,000 would be unambiguously clear on the face of the complaint, but in this case, as currently pleaded, the court would have to engage in unfounded speculation to conclude that jurisdiction exists, which it is forbidden to do.

In addition, under *Lowery*, this court cannot consider the value of other tort claims garnered by Defendants' research efforts. *Lowery*, 483 F.3d at 1221 (noting that the value of claims in other cases not received from the plaintiffs, but instead gathered from outside sources, is not the sort of evidence contemplated by 28 U.S.C. § 1446(b)). Even if the court were to consider these cases, the court does not have the detail necessary to determine whether the cases are, in fact, substantially similar. Mere conclusory allegations by Defendants regarding the value of <u>this</u> Plaintiff's claims are insufficient to establish the amount in controversy. Thus, the Defendants fail to meet their burden of proving that the amount in controversy in this case exceeds the jurisdictional amount.

Defendants' alternative requests for limited discovery regarding the amount in controversy are likewise foreclosed by *Lowery*. "Post-removal discovery for the purpose of establishing jurisdiction in diversity cases cannot be squared with the delicate balance struck by Federal Rules of Civil Procedure 8(a) and 11 and the policy and assumptions that flow from and

underlie them." *Lowery*, 483 F.3d at 1216. Allowing such discovery, the Court noted, would "encourag[e] defendants to remove, at best, prematurely, and at worst, in cases in which they will never be able to establish jurisdiction." *Id.* at 1217. In fact, the Court of Appeals viewed a defendant's request for post-removal discovery as "tantamount to an admission that the defendants do not have a factual basis for believing that jurisdiction exists." *Id.*

In sum, Defendants have not demonstrated, by reference to any document from Plaintiff, that the amount in controversy exceeds $75,000. Their reliance on the nature of Plaintiff's claims and awards exceeding $75,000 in allegedly "similar" cases cannot establish by a preponderance of the evidence, as most recently explained by *Lowery*, that the amount in controversy requirement is met.

## IV. CONCLUSION

Because Defendants have failed to establish that the amount in controversy exceeds $75,000, this court concludes that it lacks subject matter jurisdiction over this action. Accordingly, the court will GRANT Plaintiff's motion to remand and will REMAND this case to the Circuit Court of Jefferson County, Alabama. Defendants may, of course, remove this case within thirty days of receiving a document from the Plaintiff that unambiguously establishes the amount in controversy. The court will enter a separate order consistent with this memorandum opinion.

DATED this 15th day of April, 2008.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE